IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NDOKEY ENOW, #1990859 | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-15-2603 |
| MONTGOMERY COUNTY DEP'T of POLICE, | * | |
| OFC. DIMITRY RUVIN, # 9387 | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

On September 2, 2015, Ndokey Enow ("Enow"), who is an inmate in the custody of the Maryland Department of Correction, filed a handwritten complaint and a motion to proceed in forma pauperis. (ECF Nos. 1, 2). The motion to proceed in forma pauperis will be granted for the purpose of preliminary review of the complaint.

Enow states he brings this action pursuant to the First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution, the Maryland Tort Claims Act, the Maryland Declaration of Rights, and Maryland common law. Compl. As relief, he requests $100 million in damages "due to neglect."

Enow claims that on June 6, 2014, defendant Dimitry Ruvin unlawfully entered his residence at 10 Swan Stream Court in Gaithersburg, Maryland, and conducted an illegal search and seizure of his property with "a counterfeit warrant under oath." Enow avers Defendant "carelessly violated' his privacy and injured his reputation, and avers he has "suffered psychological torture, depression disorder and family and social ties damages." Compl. 3. Enow also claims "the Defendant acted and exercised deliberate[] indifference to the plaintiff's health

and family safety due to illegal search[] and seizure in plaintiff's residence due to negligence." *Id.* Enow also has filed a copy of the application for the search warrant filed by Detective Ruvin[1] and the search warrant for 10 Swan Stream Court, Gaithersburg, Maryland, signed by Judge Gary Bair on June 6, 2014. Compl. Exs. 11, ECF No. 1-1. Enow does not state whether the search produced evidence of criminal activity.

On January 9, 2015, Enow entered a guilty plea in the Circuit Court of Maryland for Montgomery County to solicitation to commit first-degree murder. *See* Compl., ECF No. 1 in *Enow v. Judge Steven G. Salant*, PWG-15-2598; *see also* http://casesearch.courts.state.md.us/ casesearch/ inquiry Detail.jis?caseId=3D003183=& detailLoc=DSCR.

Construing the Complaint liberally, Enow is proceeding under 28 U.S.C, §§ 1915 and 1915A, which permit an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires dismissal of a claim if it "is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§1915(e)(2)(B)(i)-(iii); 1915A(b)(1)-(2). The Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and in evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true, *id.* at 93–94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the

---

[1] Detective Ruvin attests in the search warrant application that on June 6, 2014, Enow asked an undercover Montgomery County Police officer to kill his former wife. Enow provided the undercover officer with money, photographs of the former wife, and subsequently drove him to the former wife's neighborhood to point out where she lived. After the meeting, Enow was placed under arrest. Compl. Exs. 14, ECF No. 1-1.

pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

In *Heck v. Humphrey*, 512 U. S. 477, 487 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice. Put another way, Plaintiff's claims for damages cannot be considered here unless he already successfully challenged his criminal conviction. The record contains no evidence that Enow successfully appealed or otherwise invalidated his conviction. Thus, he cannot maintain a § 1983 action seeking monetary damages because a judgment in his favor would necessarily imply the invalidity of the outcome of the conviction.[2] Thus his claims are barred under *Heck*, and this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915 for failure to state a claim. A separate order dismissing the complaint without prejudice follows.

_____
Date

_____
Paul W. Grimm
United States District Judge

---

[2] I decline to exercise supplemental jurisdiction over the state claims.

3